**Fill in this information to identify the case:**

Debtor 1: Kristine L Leon

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Northern    District of IL
(State)

Case number: 19-20592

Official Form 410S1

# Notice of Mortgage Payment Change                                    12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E

**Court claim no.** (if known): 1

**Last 4 digits** of any number you use to identify the debtor's account: 1784

**Date of payment change:**
Must be at least 21 days after date of this notice: 10/01/2020

**New total payment:** $ 1,416.27
Principal, interest, and escrow, if any

## Part 1: Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?
   ☐ No
   ☑ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

   Current escrow payment: $ 620.11    New escrow payment: $ 666.51

## Part 2: Mortgage Payment Adjustment

2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?
   ☑ No
   ☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

   Current interest rate: _____%    New interest rate: _____%

   Current principal and interest payment: $ _____    New principal and interest payment: $ _____

## Part 3: Other Payment Change

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?
   ☑ No
   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement.
       (*Court approval may be required before the payment change can take effect.*)

   Reason for change: _____

   Current mortgage payment: $ _____    New mortgage payment: $ _____

Official Form 410S1    Notice of Mortgage Payment Change    page 1

Debtor 1 __Kristine L Leon_____   Case number *(if known)* __19-20592_____
        First Name   Middle Name   Last Name

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ __/s/ Michelle Ghidotti_____   Date __08/11/2020__
   Signature

Print: __Michelle Ghidotti_____   Title __AUTHORIZED AGENT__
       First Name   Middle Name   Last Name

Company __Ghidotti/Berger LLP._____

Address __1920 Old Tustin Ave._____
       Number   Street

__Santa Ana, CA 92705_____
City   State   ZIP Code

Contact phone ( __949__ ) __427__ – __2010__   Email __bknotifications@ghidottiberger.com__

---

Official Form 410S1      **Notice of Mortgage Payment Change**      page **2**

**FCI Lender Services, Inc.**
Toll Free: (800) 931-2424  Hrs.: Mon-Fri 8:00 a.m. - 5:00 p.m. (PT)
Website: www.trustfci.com    NMLS #4920    DRE #01022780
PO BOX 28720 Anaheim CA 92809-0112    Fax: (714) 282-5775

# Escrow Disclosure Letter

| | | **Present Loan Information** | | |
|---|---|---|---|---|
| **Borrower:** | KRISTINE L LEON<br>15157 S THOMAS CT<br>PLAINFIELD, IL 60544 | | Account Number<br>Paid To Date<br>Principal Balance<br>Note Rate<br>Regular Payment<br>Escrow Payment<br>Suspense Payment<br>Other Payments<br>Suspense Balance<br>Escrow Balance<br>Unpaid Interest<br>Unpaid Charges | 09/01/2020<br>$154,795.72<br>5.000%<br>$749.76<br>$666.51<br>$0.00<br>$0.00<br>$0.00<br>$1,999.53<br>$0.00<br>$0.00 |
| **Property Address:** | 15157 S THOMAS CT<br>PLAINFIELD, IL 60544 | | | |

Dear KRISTINE L LEON:

Enclosed is your Escrow Disclosure Statement and notice of new mortgage payment for your loan. At least once a year, FCI reviews your escrow account to determine if the current monthly payment amounts are sufficient to cover your projected taxes and/or insurance premiums. Increases or decreases in your annual tax and/or insurance amounts may cause your monthly payment to change. The first section of the Statement projects activity for the upcoming 12 months as well as any changes to your monthly payment. Prior Year Escrow Payment Activity on the Statement reflects activity on your escrow account from December 2019 through September 2020. Payments are shown in the month received, which may not necessarily be the month due. **The Statement assumes timely receipt of payments and scheduled disbursements through September 30, 2021.**

**Target Balance:** A Target Balance means the estimated month-end balance in an escrow account that is just sufficient to cover the remaining disbursements from the escrow account for the remainder of the 12-month period that are required to cover annual taxes, insurance, or other escrow items.

**Surplus:** A Surplus is the amount by which a current escrow balance exceeds the target balance for the 12-month period for the escrow account. Required refunds, due to a Surplus, will be mailed within 30 days or per applicable State law. Tax bills other than the annual secured bill are your responsibility to pay. Before spending your refund, you should check with your local Tax Collector and/or the Assessor's Office to determine if a Supplemental Tax Bill is pending or expected to be issued.

**Shortage:** A Shortage is the amount by which a current escrow account balance falls short of the target balance at the time of the escrow analysis. Some reasons for the shortage include deficiency of total payments received or increases in tax and/or insurance amount during the projection year. If you choose to pay the escrow shortage in full rather than have it collected over 12 months, your new monthly payment can be calculated by subtracting the shortage from the new payment information section on the second page of this analysis. Your check for the lump sum payment and request should be submitted directly to FCI Lender Services, Inc. Attn: Escrow Department at the address listed below.

**Deficiency:** A Deficiency is the amount by which a current escrow balance becomes negative. This occurs when the Servicer advances funds to pay an escrow item.

Please take the time to review this Statement prior to the changes taking place. Changes to your monthly payment, as indicated in your Statement, will be reflected on your October 2020 billing statement. If you are using an automatic payment provider, please notify them of the change in your payment amount to avoid possible late fees.

If you have any questions regarding this Statement, please call our toll free number at 800-931-2424, Ext. 650, Monday through Friday between the hours of 8:00 a.m. and 5:00 p.m. Pacific Time or visit our website www.trustfci.com at any time. When calling, please reference your loan number so that we may better serve you.

Regards,
Customer Service Department
FCI Lender Services, Inc.

Account:    **Statement Date:** 08-06-2020

**FCI Lender Services, Inc.**
Toll Free: (800) 931-2424 Hrs.: Mon-Fri 8:00 a.m. - 5:00 p.m. (PT)
Website: www.trustfci.com   NMLS #4920   DRE #01022780
PO BOX 28720 Anaheim CA 92809-0112   Fax: (714) 282-5775

# Escrow Disclosure Statement

| SUMMARY | |
|---|---:|
| Total Projected Payments from Escrow | $7,998.10 |
| Divide by # of Months in Statement Period | 12 |
| Equals Monthly Projected Payments to Escrow | $666.51 |
| Target Balance = Projected Payments to Escrow + 2 extra month cushion | $9,331.14 |
| Starting Projected Balance (+) | $1,999.53 |
| Starting Required Balance (-) | $1,999.51 |
| Delinquency Vouchers (-) | $0.00 |
| Your account is showing a surplus (see Letter for more information regarding surplus) | $0.02 |

**P&I:** $749.76   **New Escrow:** $666.51   **New Payment:** $1,416.27

| NEW PAYMENT INFORMATION AS OF 10/1/2020 | |
|---|---:|
| Principal & Interest | $749.76 |
| Escrow Payment | $666.51 |
| Shortage Payment | $0.00 |
| Surplus | $0.00 |
| Deficiency Payment | $0.00 |
| Suspense Payment | $0.00 |
| Other Payments | $0.00 |
| New Payment Amount | $1,416.27 |
| New Payment Date | 10/01/2020 |

**IMPORTANT NOTE:** It is our goal to provide you with accurate escrow information. If your loan account is delinquent, this analysis may not include current escrow information and may not accurately reflect your projected escrow activity. Please inform this office immediately of your current tax and insurance information by calling 800-931-2424 in order to re-establish your escrow account. Insurance information may not be calculated into this analysis if the information was not provided to the Servicer. Please note, once annual insurance premium information has been provided, the payment must be re-projected.

Below are the escrow items we anticipate we will collect for or pay on your behalf in the upcoming 12-month period. The dollar amount shown may be the last amount actually paid for that item or may project the next amount due as defined by Federal Law. Based on these anticipated disbursements, the amount of your escrow deposit is calculated and displayed below.

| ESCROW ACCOUNT PROJECTIONS FOR COMING YEAR | | | | | | |
|---|---|---|---|---|---|---|
| Month - Year | Payments to Escrow | | Payments from Escrow | Description | Escrow Account Balance | |
| | Escrow | Shortage | | | Projected | Required |
| | | | | Required Deposit | $1,999.53 | $1,999.51 |
| October-2020 | $666.51 | $0.00 | $0.00 | | $2,666.04 | $2,666.02 |
| November-2020 | $666.51 | $0.00 | $0.00 | | $3,332.55 | $3,332.53 |
| December-2020 | $666.51 | $0.00 | $0.00 | | $3,999.06 | $3,999.04 |
| January-2021 | $666.51 | $0.00 | $0.00 | | $4,665.57 | $4,665.55 |
| February-2021 | $666.51 | $0.00 | $0.00 | | $5,332.08 | $5,332.06 |
| March-2021 | $666.51 | $0.00 | $1,954.00 | Homesite Insurance | $4,044.59 | $4,044.57 |
| April-2021 | $666.51 | $0.00 | $0.00 | | $4,711.10 | $4,711.08 |
| May-2021 | $666.51 | $0.00 | $3,022.05 | Will County Treasurer | $2,355.56 | $2,355.54 |
| June-2021 | $666.51 | $0.00 | $0.00 | | $3,022.07 | $3,022.05 |
| July-2021 | $666.51 | $0.00 | $0.00 | | $3,688.58 | $3,688.56 |
| August-2021 | $666.51 | $0.00 | $3,022.05 | Will County Treasurer | $1,333.04 | $1,333.02 * |
| September-2021 | $666.51 | $0.00 | $0.00 | | $1,999.55 | $1,999.53 |
| **Total:** | **$7,998.12** | **$0.00** | **$7,998.10** | | | |

Account:       Statement Date: 08-06-2020

FCI Lender Services, Inc. * PO BOX 28720 * Anaheim * CA 92809-0112 * NMLS#4920 * CA DRE # 01022780 * www.trustfci.com

* This is your Low Point. The Low Point is zero unless the allowed reserve is allowed by the Real Estate Settlement Procedures Act (RESPA). Reserve amount by Federal Law (RESPA) is two times your monthly Escrow Payment, unless State Law specifies a lower amount.

Your anticipated low point may or may not have been reached based on one or more of the following common factors:

| PAYMENT(S) | TAXES | INSURANCE |
|---|---|---|
| • Monthly payment(s) were received less than OR greater than expected<br>• Monthly payment(s) were received earlier OR later than expected<br>• Previous overage was returned to escrow<br>• Previous deficiency/shortage not paid entirely | • Tax rate and/or assessed value changed<br>• Exemption status lost or changed<br>• Supplemental/Delinquent tax paid<br>• Tax bill paid earlier OR later than expected<br>• Tax installment not paid<br>• Tax refund received<br>• New tax escrow requirement paid | • Premium changed<br>• Coverage changed<br>• Additional premium paid<br>• Insurance bill paid earlier OR later than expected<br>• Premium was not paid<br>• Premium refund received<br>• New insurance escrow requirement paid |

In the event that a Deficiency was identified in the Summary section of your Statement, the above list of common factors, may or may not have contributed to this deficiency.

Account:                    Statement Date: 08-06-2020

**FCI Lender Services, Inc. * PO BOX 28720 * Anaheim * CA 92809-0112 * NMLS#4920 * CA DRE # 01022780 * www.trustfci.com**

The following statement of activity in your escrow account from **December 2019** to **September 2020** displays actual activity as it occurred in your escrow account during that period.

| | PRIOR YEAR ESCROW PAYMENT ACTIVITY December 2019 - September 2020 | | | |
|---|---|---|---|---|
| Month - Year | Payments to Escrow | Payments from Escrow | Description | Escrow Account Balance |
| December-2019 | $0.00 | $0.00 | | $0.00 |
| January-2020 | $620.11 | $0.00 | KRISTINE L LEON | $620.11 |
| February-2020 | $68.30 | $0.00 | KRISTINE L LEON | $688.41 |
| February-2020 | $0.00 | $1,954.00 | Homesite Insurance | ($1,265.59) |
| March-2020 | $620.11 | $0.00 | KRISTINE L LEON | ($645.48) |
| April-2020 | $2,083.40 | $0.00 | KRISTINE L LEON | $1,437.92 |
| April-2020 | $620.11 | $0.00 | KRISTINE L LEON | $2,058.03 |
| May-2020 | $964.02 | $0.00 | KRISTINE L LEON | $3,022.05 |
| May-2020 | $0.00 | $3,022.05 | Will County Treasurer | $0.00 |
| June-2020 | $0.00 | $0.00 | | $0.00 |
| July-2020 | $0.00 | $0.00 | | $0.00 |
| August-2020 | $77.68 | $0.00 | KRISTINE L LEON | $77.68 |
| August-2020 | $2,277.86 | $0.00 | KRISTINE L LEON | $2,355.54 |
| August-2020 | $666.51 | $0.00 | KRISTINE L LEON | $3,022.05 |
| August-2020 | $666.51 | $0.00 | KRISTINE L LEON | $3,688.56 |
| August-2020 | $666.51 | $0.00 | KRISTINE L LEON | $4,355.07 |
| August-2020 | $666.51 | $0.00 | KRISTINE L LEON | $5,021.58 |
| August-2020 | $0.00 | $3,022.05 | Will County Treasurer | $1,999.53 |
| September-2020 | $0.00 | $0.00 | | $1,999.53 |
| **Total:** | **$9,997.63** | **$7,998.10** | | |

**Note: FCI Lender Services, Inc. is a debt collector and is attempting to collect a debt. Any information obtained will be used for that purpose.**

IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU HAVE RECEIVED A BANKRUPTCY DISCHARGE, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT. Please see IMPORTANT DISCLOSURES enclosed.

Account:                        Statement Date: 08-06-2020

## IMPORTANT DISCLOSURES

FCI Lender Services, Inc. ("FCI") is committed to professional and courteous service to our customers. Our Customer Service Department is an experienced group of men and women who are trained and dedicated to answering your questions, addressing your concerns, and resolving any and all issues to your satisfaction. If you have any complaints, please call us during our regular business hours at (800) 931-2424 ext. 651, Mon - Fri, 8:00 a.m. - 5:00 p.m., PT.

**OREGON CONSUMERS ONLY:** The Director of the Department of Consumer and Business Services prescribes by rule. Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call (888) 877-4894 or visit http://dfr.oregon.gov. You can also submit a completed form complaint by email to dcbs.dfcsmail@oregon.gov, by mail to PO Box 14480 Salem, OR 97309-0405, or by fax to 503-947-7862.

**PENNSYLVANIA CONSUMERS ONLY**: The lender retains a security interest in your residential real estate whenever the security interest has not been released.

**COLORADO CONSUMERS ONLY:** FCI Lender Services, Inc.'s Agent in Colorado is Cogency Global Inc., 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112; PH: 303-309-3839.

**TEXAS CONSUMERS ONLY:** COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705.  A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.  A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**MASSACHUSETTS CONSUMERS ONLY:**  NOTICE OF IMPORTANT RIGHTS YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

**NEW YORK CONSUMERS ONLY:** FCI Lender Services, Inc. ("FCI") is registered with the Superintendent of the New York State Department of Financial Services (NMLS #4920). You may obtain information about how to file a complaint about FCI with the New York State Department of Financial Services, by visiting the Department's website at www.dfs.ny.gov or by calling the Department at 800-342-3736.

**IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT FCI IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Account:**                               **Statement Date:** 08-06-2020

Loan No.:

## LOAN MODIFICATION AGREEMENT
with Trial Payment Plan Provision
(40 year term)

This Loan Modification Agreement ("Agreement") is made and entered into as of **5/5/2020**, by and between KRISTINE LEON ("Consumer") and Wilmington Savings Fund Society, FSB, As Owner trustee of the Residential Credit Opportunities Trust V-E ("Lender"), with reference to the following facts and circumstances:

RECITALS

A. Lender or its predecessor in interest made a loan (the "Loan") to Consumer in the original principal amount of (**$125,000.00**) evidenced by that certain "Promissory Note" and other related loan agreements and documents (collectively, the "Loan Documents") dated **6/28/2013**. The Note ("Note") is secured by real and personal property collateral including, without limitation, a Security Instrument (the "Security Instrument") encumbering certain real property located at: 15157 S THOMAS CT, PLAINFIELD, IL 60544 (the "Property") and improvements thereto (if any).

The current Unpaid Principal Balance (UPB) of the Note is **$114,772.55** with current rate of **3.7500 %** [Fixed]. The maturity date of the Note is **07/01/2043**. The Current unpaid/accrued interest on the Note totals **$12,179.09**; Unpaid Charges total **$26,259.03**; Lender Advance for Escrow Deposit is **$2,277.86**; The arrears balance is at **$40,715.98** good through **5/1/2020**. Consumer is in default of the Note and Loan Documents for failure to pay the **1/1/2020** through **5/1/2020** installments plus all accrued late charges, etc.

B. Consumer has requested that Lender agree to modify the Note as the same may be modified hereby. Lender is willing to do so on the terms set forth herein. The Loan Documents, as modified, amended or supplemented by this Agreement, shall remain in full force and effect.

C. Consumer shall be responsible for any outstanding and/or trailing invoices that are identified at a later date and not included in the recitals outlined above in Section A. These will be added as a loan charge to the account and are to be paid by Consumer.

WHEREFORE, IN CONSIDERATION OF THE FOREGOING AND THE MUTUAL CONDITIONS AND AGREEMENTS CONTAINED HEREIN, CONSUMER AND LENDER AGREE AS FOLLOWS:

1. <u>Trial Payment Period</u>: Upon receipt of this fully executed agreement and the funds outlined below, the lender agrees to place the foreclosure on hold. Consumer understands, as a condition of entering into this Loan Modification, that there will be a Twelve (12) consecutive month trial period, beginning **6/1/2020** and ending **05/01/2021**. During this Trial Payment Plan the Consumer understands that the loan will remain in foreclosure. If Consumer fails to make a monthly payment or exceeds a delinquency of Thirty (30) days or more, Consumer agrees to stipulate to Foreclosure and waives their right to all defenses upon default of this New Loan Modification Agreement. In states where enforceable, Lender agrees to waive deficiency judgment against Consumer in the event of a new foreclosure or re-default. All Deferred amounts will be due and payable in the event of a default during the Trial Period. During the same Trial Period and upon receipt of the Twelve (12) successful and timely payments of **$1,416.27** per month, Lender agrees to dismiss the foreclosure. Consumer shall be liable for any costs incurred due to postponing and/or cancelling any foreclosure action during the Trial Payment Period. These will be added as a loan charge to the account and are to be paid by Consumer.

2. <u>Approval by Bankruptcy Trustee and Bankruptcy Court Approval.</u> Consumer shall file a motion to approve this modification agreement in the bankruptcy proceedings in BK-19 No. 20592 in the United States Bankruptcy Court within twenty-one days after Lender signs this agreement. Should the bankruptcy court deny the approval of this loan modification agreement, then this loan modification agreement shall have no force and effect.

3. <u>Loan Modification</u>. Upon receipt of this fully executed agreement and the funds outlined below, the lender agrees to modify the Loan. As of **5/1/2020**, the amount payable under the Note and Security Instrument ("the Unpaid Principal Balance") shall be increased to **$155,488.53** consisting of the amount(s) loaned to Consumer by Lender, which includes the arrears capitalized of **$40,715.98**. The arrears are limited to unpaid interest, escrows and any legal fees and related foreclosure costs that may have been accrued for work completed

Consumer(s) Initials: _KL_

itemized in Section B above. The Consumer will be required to pay the unpaid principal balance in the event of a refinance, pay off the loan, any transfer of interest in the home, default of any terms as set forth in this Agreement, or at loan maturity. The Maturity of the Loan will be reset to **5/1/2060**.

4. Consumer promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the changed yearly rate of **5.000%** [Fixed]. The New Monthly installment payments shall be **$1,416.27**. This amount consists of Principal and Interest (P&I) amount of **$749.76** and Monthly Escrow Impounds for Property Taxes and Homeowners Insurance of **$666.51** (T and I). The escrow portion of the loan payment quoted on the Agreement may fluctuate due to changes in tax assessments and/or increase in insurance premiums due. Consumer understands there is an Escrow Shortage for the Impound account due in the amount of **$2,355.54**.

    Lender agrees to advance Escrow Deposit of **$2,277.86** and funds held in escrow / preptition account in the amount of **$77.68** shall be used to complete the Escrow Deposit of **$2,355.54**.

    Consumer shall be fully responsible for paying any "delinquent" Property Taxes and "delinquent" Homeowners Insurance or Homeowners Association fees that became due prior to the effective date of this modification agreement and shall show proof to Lender upon request.

5. Effective **6/1/2020**, Consumer promises to pay **$1,416.27**, and shall continue making monthly payments due on the 1st day of each succeeding month thereafter, until principal and interest are paid in full. If on **5/1/2060** (the "Maturity Date"), Consumer still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Consumer will pay these amounts in full at that time.

6. <u>Total of Payments Disclosure</u>: Consumer acknowledge that I am indebted to ("Lender") in the amount of **$359,884.80** should I make all payments as scheduled in the Loan Modification Agreement. This amount includes the Principal and Interest that would be paid through the life of this Agreement. However; should Consumer choose to refinance or sell the Property prior to the Maturity Date; a payoff quote will be calculated consistent with the remaining Unpaid Principal Balance as detailed in Section 2.

    Consumer fully intend to pay this loan, through the proposed Loan Modification with the terms that you have provided.

7. <u>Time is of the Essence.</u> Documents must be returned within 10 days upon receipt. Please be aware if the signed agreement is not returned/received with the agreed upon funds in the time allotted, this offer is null and void.

8. <u>Interest Rate</u>. Lender agrees that the interest rate at which interest accrues on the unpaid principal balance of the Note shall be modified to **5.000%** and will continue through the Maturity Date of **5/1/2060**.

9. <u>Payments</u>: Consumer shall send all payments to: FCI LENDER SERVICES, INC., 8180 E. KAISER BLVD., ANAHEIM HILLS, CA 92808; 1-800-931-2424, Monday through Friday 8:00 am to 5:00 pm.

10. <u>Assignment of Leases and Rents Receivership:</u> The existing Mortgage and Note shall be amended to include the following: In the event, that loan is in default and Consumers are generating any gross income from the property by a tenancy or any other arrangement. Consumers agree to Irrevocably assign and transfer to Lender the right title and interest of Consumer in all existing and future leases and agreements whether or not in writing and any rents and deposits derived and collected therefrom, affecting and pertaining to the use, enjoyment or occupancy of any part of the premises. Consumer consents to the entry by Lender, Lender's agent, or court appointed receiver or designee, to enter the premises to collect the rents and enforce the leases. Consumer further consents and waives opposition to the appointment of a court appointed Receiver in the event the loan is in default.

11. <u>Additional Agreements:</u>

    Consumer agrees to the following:

    a. In the event Consumer defaults under this Agreement, without waiving any rights and remedies otherwise available to Lender, Lender shall thereupon be entitled to require, and Consumer irrevocably consents to enter either Lender' Deed-In-Lieu or Short Sale program with respect to the Property. Under the Deed-In-Lieu program you will voluntarily transfer ownership of the Property to Lender or Lender's

Consumer(s) Initials: _____

      designee to satisfy the amounts due on the Loan. The Short Sale program is specifically designed to assist with the sale of the Property to avoid foreclosure, even if the sale price may not pay off the amount owed on the Loan.

    b. Consumer will execute such other documents as may be necessary to consummate the terms and conditions of such Deed-In-Lieu or Short Sale program and will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or affidavit(s) that are necessary or required by the Lender's procedures in connection with such program(s).

12. <u>Conditions</u>: Lender's agreement to forbear and modify loan shall be subject to Consumer's full and timely satisfaction of all the terms listed in this Agreement and the following conditions:
    a. Insurance and Property Taxes. At all times during the term of this agreement Consumer must 1) Maintain adequate homeowner's insurance; and 2) keep all property taxes and utilities paid current.
    b. Application of Payments upon Cancellation. If this Agreement is cancelled due to Consumer's non-compliance, the Loan will revert retroactively back to the original terms.
    c. Termination. Lender's agreement to defer, forbear and modify loan shall automatically terminate, without further notice, act or instrument, upon the occurrence of any of the following events:
        - If a petition for relief under any federal or state bankruptcy, reorganization or insolvency statute or law is filed by or against Consumer or any guarantor of the Loan or any general partner of Consumer or of any guarantor of the Loan after the Effective Date of this agreement; or
        - Consumer fails to timely perform and observe any of the covenants, agreements and obligations contained in the Loan Documents, except for the obligation of the Consumer to make payments of Principal and interest; or
        - Consumer fails to timely perform any of the other covenants, agreements and obligations set forth in this Agreement; or
        - Consumer fails to pay off the Note (in full) on or before 5:00 p.m. (Pacific Time) on the Maturity Date set forth in this Agreement; or
        - If all or any part of the Property or any interest in, is sold or transferred (or if Consumer is not a natural person and a beneficial interest in; Consumer has sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument. If Lender exercises this option, Lender shall give Consumer notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Consumer must pay all sums secured by the Security Instrument. If Consumer fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Consumer.

13. <u>Termination of Loan Modification</u>. In the event Consumers default as hereinabove defined, then all loan modifications agreed to in writing by Lender shall be null and void, and thereafter all terms of the Mortgage shall revert back terms prior to this Agreement and condition, as if this Agreement had no force or effect and ("Lender") at its option continue with foreclosure. The undersigned parties hereby agree to waive any defenses as to the enforcement of any default in the terms of this Agreement and judgement for foreclosure upon any default in the terms of the Agreement. Any waiver of arrears and Unpaid Principal Balance reductions shall be null and void and shall be added back to the balance of the loan.

14. <u>Change in Financial Status.</u> In the event Consumer or any successor or assignee, shall (i) file with any bankruptcy court of competent jurisdiction or made the subject of any petition under Title 11 of the United States Code, as amended ("Bankruptcy Code"); (ii) be the subject of any order for relief issued under the Bankruptcy Code; (iii) file or be the subject of any petition seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors; (iv) have sought, or consenter to, or acquiesced in, the appointment of by any court of competent jurisdiction approving a petition filed against such party for any reorganization, any trustee, receiver, conservator, or liquidator, or, (v) be the subject of any order, judgment or decree entered arrangement composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relation to bankruptcy, insolvency, or other relief for debtors, then subject to court approval, Lender shall thereupon be entitled and Consumer irrevocably consents to relief from any automatic stay imposed by Section 362 of the Bankruptcy Code or otherwise, on or against the exercise of the rights and remedies otherwise available to Lender, including, but not limited to, immediate termination of this Agreement and filing and/hereby irrevocably agrees that he/she shall not object to and hereby irrevocably waives his/her rights to object to Landers's requests for such relief. This provision is a material inducement for Lender to enter into this Agreement.



Consumer(s) Initials:

15. <u>Meaning of Terms</u>. All terms and/or phrases used in this Agreement shall have the respective meanings ascribed to them in the Loan Documents except as otherwise defined herein to the contrary.

16. <u>Conditions</u>. Lender's obligations hereunder and Consumer's ability to enforce this Agreement are subject to and conditioned upon the following: (i) the Deed of Trust has suffered no loss of priority as against other liens or encumbrances recorded against the Property; and (ii) Consumer and any guarantor(s) of the Loan shall have executed and delivered a copy of this Agreement to Lender.

17. <u>Release of Lender.</u> In consideration of Lender's modification of the Loan Documents under this Agreement, Consumer hereby waives and releases Lender from any and all actions, causes of action, claims, damages, demands, liability and loss arising from or relating to the Loan, including, but not limited to, Consumer's original loan applications and the making, funding and administration of such loan.

18. <u>Advice from Financial Advisor</u>. The parties understand that this is a legally binding agreement that may affect such party's rights. Each party represents to the other that it had the opportunity to receive financial and/or legal advice from the advisor and/or counsel of its choice regarding the meaning and legal significance of this Agreement and that it is satisfied with any advice received from such advisor and/or legal counsel.

19. <u>No Coercion</u>. Consumer acknowledges and represents to Lender that in entering into this Agreement, Consumer has not been subjected to any coercion or any other undue influence and has exercised Consumer's own free will.

20. <u>Miscellaneous</u>.
    a. <u>Entire Agreement</u>. This Agreement represents the entire integrated agreement between the parties relating to the subject matter of this Agreement. The parties agree that there are no other agreements or understandings, written or oral, express or implied, tacit or otherwise in respect of the subject matter of this Agreement. This Agreement may be amended only in writing.
    b. <u>Attorneys' Fees</u>. If any action is threatened or commenced to interpret or enforce the terms and provisions of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs of suit from the other.
    c. <u>Fair Meaning</u>. This Agreement shall be interpreted according to its fair meaning and not for or against any party hereto or the drafter of the agreement. This Agreement has been negotiated between independent counsels separately representing each party to this Agreement.
    d. <u>Cooperation</u>. The parties hereto agree to cooperate with each other to the extent necessary to affect the purposes of this Agreement, including without limitation executing additional documents, providing introductions to other persons and providing copies of books and records.
    e. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. This Agreement may be executed by facsimile signatures which shall be deemed original signatures for all purposes.
    f. <u>Successors and Assigns</u>. This Agreement shall bind the successors, assigns, heirs, administrators and executrixes of each party hereto.
    g. <u>Sole Parties</u>. This Agreement is made exclusively for the benefit of and solely for the protection of the parties hereto, and no other person or persons shall have the right to enforce the provisions hereof by action or legal proceedings or otherwise.

This agreement has been solely negotiated between the consumer and lender. FCI Lender Services will not be liable for any disputes arising out of this expedited agreement. Each party will hold harmless and indemnify FCI Lender Services for the facilitation of this document.

No changes to the FCI Lender Services system will be made without the signed agreement from the consumer and the majority approval of the lender.

IN WITNESS WHEREOF, the parties have executed and entered into this Agreement as of the day and year first above written.

Consumer(s) Initials: _KL_

LENDER: If you are in agreement with the Modified Terms, please sign in the space provided below of this Loan Modification Agreement.

Wilmington Savings Fund Society, FSB, As Owner trustee of the Residential Credit Opportunities Trust V-E
By: American Mortgage Investment Partners Management, LLC, as Attorney in Fact

By: _____     Date: 6-11-20
Name: Ron McMahan
Title:  CEO

CONSUMER: If you are in agreement with the Modified Terms, please sign in the space provided below of this Loan Modification Agreement in the presence of a Notary.

MORTGAGOR'S SIGNATURE AND NOTARY SECTION

Name: KRISTINE LEON    Date: 5/22/20

Signed, sealed and delivered in the presence of John Y. G. Park on this: 22nd day of MAY, 2020.

_____
Notary Public    5-22-20

Notary Public for the County of WILL State of IL  My Commission Expires: 06/06/2023 (Seal)

OFFICIAL SEAL
JOHN Y G PARK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06/06/23

Consumer(s) Initials: KL

# CERTIFICATE OF SERVICE

On August 18, 2020, I served the foregoing documents described as Notice of mortgage payment change on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
**Chad M. Hayward**
jean@haywardlawoffices.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Maben May
Maben May

On August 18, 2020, I served the foregoing documents described as Notice of mortgage payment change on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTOR
**Kristine L Leon**
15157 S Thomas Ct
Plainfield, IL 60544

*Trustee*
**Glenn B Stearns**
801 Warrenville Road Suite 650
Lisle, IL 60532

*U.S. Trustee*
**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Maben May
Maben May